# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MICHAEL V. SMITH,

    Plaintiff,

v.                                                    Case No. 3:21-cv-1062-TJC-MCR

PEPSI BOTTLING COMPANY,[1]

    Defendant.
_____

## **O R D E R**

After giving plaintiff several opportunities to try to prosecute this employment discrimination case (both with court-appointed counsel and on his own), the Court advised plaintiff that he had to file a response to defendant's long-outstanding motion to dismiss or the Court would have to treat the motion as unopposed, likely resulting in the dismissal of this case. See Order, Doc. 55. Unfortunately, plaintiff's response (Doc. 56) does not address the merits of defendant's motion and instead reiterates his wish to mediate and explains why he disagreed with his court-appointed lawyer.

Defendant's motion to dismiss plaintiff's fifth amended complaint (Doc. 47) argues that plaintiff's claims of race discrimination and retaliation are time-

---

[1] Defendant states that the proper party, plaintiff's employer, is Bottling Group, LLC. References to "defendant" in this order apply to the named party and to Bottling Group, LLC.

barred because he failed to bring his Title VII claims against defendant within 90 days of receiving his EEOC notice of rights to sue; that his complaint fails to state a claim; and that his complaint is a shotgun pleading. Even affording plaintiff's filings the more liberal construction to which they are due,[2] plaintiff has failed to address defendant's arguments.

As to the time-bar issue, defendant is correct that plaintiff's initial complaint (filed within the 90-day window), did not include a retaliation claim at all (his EEOC charge did not include one either) and the Title VII wrongful termination claim was filed against his plant manager, not defendant (who was named only in a § 1983 claim, which is no longer part of the case).[3] But even if the Court determined that the time-bar did not apply, plaintiff's complaint fails to include a necessary element of his claim of race discrimination— throughout the several iterations of his complaint, he has never provided any factual support for the bare allegation that other similarly situated employees were treated differently. See Lewis v. City of Union City, 918 F.3d 1213, 1226 (11th Cir. 2019). Nor does he plead the elements or factual support for a

---

[2] See, e.g., Campbell v. Air Jamaica, Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

[3] In an earlier order, the Court suggested its willingness to consider whether plaintiff's retaliation claim might be deemed to have grown out of his race discrimination charge, but plaintiff never developed that issue and the Court deems it to be waived. See Doc. 36 at 2.

retaliation claim.  See, e.g., Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1277 (11th Cir. 2008).   Thus, this case is due to be dismissed for failure to state a claim.[4]

Although the Court is dismissing plaintiff's case, it is sympathetic to plaintiff's point of view that he did nothing wrong and finds himself out of a job that he held for a period of years, much to his economic detriment.  But unfortunately, the rules of the Court do not permit plaintiff to continue to try, again and again, to create a lawsuit that can move forward. Having said that, there is nothing prohibiting plaintiff from talking to defendant about getting his job back and defendant is encouraged to consider it.

Accordingly, it is hereby

**ORDERED**:

Defendant's motion to dismiss (Doc. 47) is **granted**.  Plaintiff's Fifth Amended Complaint is **dismissed without prejudice**.  The Clerk shall **close** the file.

---

[4] As to the shotgun pleading, plaintiff's fifth amended complaint does comingle race discrimination and retaliation into a single claim but the result here would not be different even if they were plead separately.

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of February, 2024.



s.
Copies:
Counsel of record
Pro se plaintiff